UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEITH JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10 CV 227 RWS |
| ) | |
| MICHAEL BOWERSOX, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on the petition for writ of habeas corpus filed by petitioner Keith Johnson. I referred this matter to United States Magistrate Judge Lewis M. Blanton for a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On January 22, 2013, Judge Blanton filed his recommendation that petitioner's habeas petition should be denied. On February 19, 2013, Johnson timely filed objections to the Report and Recommendations.

I conducted a de novo review of all matters relevant to the petition. Based on my de novo review, I will adopt the thorough reasoning of Judge Blanton and will deny Johnson's habeas petition.

Johnson argues that Judge Blanton mischaracterized Johnson's Ground 1 for relief claiming ineffective assistance of counsel "rooted in" prosecutorial misconduct. However, I find that Judge Blanton correctly addressed the issues raised in Ground 1. Judge Blanton correctly concluded that Johnson's claim for prosecutorial misconduct is procedurally defaulted due to the fact that Johnson did not raise this claim in his direct appeal. As a prerequisite to seeking federal habeas corpus relief, a state prisoner must fairly present his claims to the state courts on direct

appeal or in post-conviction proceedings.  Murphy v. King, 652 F.3d 845, 848-50 (8th Cir. 2011). Judge Blanton also correctly concluded that defense counsel's strategic decision to cross-examine the witness in order to reveal to the jury her reluctance to testify rather than objecting on the basis of prosecutorial misconduct did not fall below the standard for effective counsel.  A habeas petitioner must overcome the strong presumption that in the circumstances of his case the challenged action might be considered sound trial strategy.  Seehan v. State of Iowa, 72 F.3d 607, 611 (8th Cir. 1995).  I find that Judge Blanton correctly decided that Johnson is not entitled to habeas relief on Ground 1 of his petition.

As to Ground 2, Johnson argues that counsel was ineffective for failure to request a change of judge on the basis that the trial judge had previously signed the search warrant for Johnson's residence.  Johnson has failed to point to any evidence that the trial judge was biased. As Judge Blanton observed, a tial judge's impartiality would not reasonably be questioned simply because the judge became aware of some facts by signing a search warrant.  Johnson is not entitled to relief under Ground 2.

With respect to Ground 3, Johnson argues that trial counsel was ineffective because "their irreconcilable differences leading to a total breakdown of communication."  Johnson's own representations refute his claim. When Johnson was questioned by the trial court regarding his decision not to testify he told the trial court that he had enough time to talk with his attorney regarding whether or not to go to trial and that he had sufficient opportunity to talk with counsel throughout the trial.  Furthermore, the record reveals that counsel filed motions on petitioner's behalf, vigorously cross-examined the State's witnesses, filed exhibits, and presented a defense theory to the jury.  As a factual matter, Johnson's claim that irreconcilable differences led to a

total breakdown of communication with counsel is not supported by the record.  Johnson is not entitled to habeas relief on Ground 3 of his petition.

In Ground 4, Johnson argues that the trial court erred in overruling his Batson objections as to five potential jurors.  Judge Blanton set forth a thorough analysis of the race neutral reasons for each challenged juror.  I adopt and incorporated that analysis here.  The record establishes that the prosecutor provided a satisfactory race-neutral explanation as to each venireperson and that petitioner has failed to present clear and convincing evidence that allows him to overcome the presumptively correct findings of the state court.  Johnson is not entitled to habeas relief arising from the Batson claims set forth in Ground 4.

Johnson argues that the Grand Jury erroneously charged him as a prior and persistent offender.  This issue was procedurally defaulted due to petitioner's failure to raise the claim on direct or post-conviction.  But even if Johnson's ground for relief was not procedurally defaulted, the clerical error stating that petitioner was a prior and persistent offender was cured in a nunc pro tunc order and that petitioner suffered no prejudice.  Ultimately, Johnson was determined to be a prior offender rather than a prior and persistent offender.  There is no recognizable claim for habeas relief under Ground 5 of Johnson's petition.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on January 22, 2013 [#26] is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#29] are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Keith Johnson's Petition for Writ of

Habeas Corpus [#1] is **DENIED**.

_____
Rodney W. Sippel
United States District Judge

Dated this 29th day of March, 2013